1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3

4    RODERICK L. HYMON,                                Case No. 2:23-cv-01918-APG-MDC

                                    Plaintiff,          ORDER
5          v.

6    CLARK COUNTY DETENTION
     CENTER.,
7
                                    Defendant.
8

9    **I.       DISCUSSION**

10          Plaintiff filed a motion requesting that this case be consolidated with five other

11   cases, and that an attorney be appointed to negotiate a settlement of all six cases on his

12   behalf. (ECF No. 5). Plaintiff's motion does not include any factual details or arguments

13   to support his requests.

14          Federal Rule of Civil Procedure 42(a) provides that a court may consolidate the

15   actions if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2).

16          A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. §

17   1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

18   Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any

19   person unable to afford counsel." However, the court will appoint counsel for indigent civil

20   litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th

21   Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist,

22   a court must consider 'the likelihood of success on the merits as well as the ability of the

23   petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

24   involved." *Id*.

25          Plaintiff does not argue that the cases he wishes to consolidate involve a common

26   question of law or fact. Rather, it appears that he is seeking to consolidate these cases

27   solely for the purposes of a global settlement. Furthermore, several of the cases have

28   already been dismissed based on Plaintiff's failure to file an updated address.

1      Plaintiff's motion for appointment of counsel does not include any details or

2  argument to support appointment of counsel, and the motion appears to be based solely

3  on the convenience of having an attorney negotiate a global settlement, rather than

4  Plaintiff's ability to articulate his claims. This case is still at the screening stage, but an

5  initial review of the complaint does not support the existence of exceptional circumstances

6  warranting the appointment of counsel. Furthermore, several of Plaintiff's cases have

7  already been dismissed for failure to file an updated address, and this case will also be

8  subject to dismissal unless Plaintiff files an updated address. (ECF No. 5).

9      Therefore, Plaintiff's motion to consolidate cases and appoint counsel to negotiate

10  a settlement (ECF No. 3) is denied without prejudice. If Plaintiff files an updated address,

11  he may file a renewed motion to either consolidate cases or appoint counsel, explaining

12  why the request should be granted.

13  **II.      CONCLUSION**

14      Therefore, IT IS HEREBY ORDERED that Plaintiff's motion to consolidate cases

15  and appoint counsel (ECF No. 3) is DENIED without prejudice.

16

17      DATED THIS 28th day of August 2024.

18

19                                                                    _____
                                                                       Hon. Maximiliano D. Couvillier III
20                                                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

2